UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. ZANON,

    Plaintiff,

-vs-

Case No. 08-15337
HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                         /

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS FEES

### I. Introduction

    This is a Social Security case. Plaintiff David A. Zanon appealed a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security benefits. The Court reversed the Commissioner's decision and remanded the case to the Administrative Law Judge (ALJ) for further proceedings. Now before the Court is Zanon's Application for Attorneys' Fees Under the Equal Access to Justice Act (EAJA). The Commissioner agrees that Zanon is entitled to attorneys fees, but asserts that the fees requested are unreasonable.

    Ordinarily the Court would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court will award Zanon $5,225.25 in attorneys fees.

## II. Background

### A.

Zanon filed a disability claim on December 2, 2004. He says that he is disabled due to mental impairments. A hearing was held before an ALJ on November 16, 2006. The ALJ issued a decision denying benefits on March 2, 2007. Review was denied by the Appeals Council on September 29, 2008.

Zanon brought an action for judicial review pursuant to 42 U.S.C. § 405(g). Zanon filed a motion for summary judgment or remand. The Commissioner also filed a motion for remand which Zanon did not oppose. The Magistrate Judge (MJ) recommended that the case be remanded to the ALJ. The Court adopted the MJ's recommendation and remanded the case.

Zanon then brought this application for attorneys fees under the Equal Access to Justice Act.

### B.

Zanon is represented by Daley, DeBofsky & Bryant, a Chicago-based law firm. He claims that the firm expended a total of 32.1 hours in litigating his claim. The work was performed by Frederick Daley (Daley), Katherine Hoppe (Hoppe), and Suzanne Blaz (Blaz).

Daley has been a practicing attorney since 1973 and has represented social security disability benefits claimants throughout his career. He spent 1 hour evaluating and accepting Zanon's case, 3.8 hours drafting and editing documents related to merits of Zanon's claim, and 2.5 hours drafting and editing documents related to the EAJA application.

Hoppe has been a practicing attorney since 2007 and has represented social security disability benefits throughout her career. She spent 1 hour evaluating and accepting Zanon's case and 18.65 hours researching, drafting and editing documents related to the merits of Zanon's claim.

Blaz has seven years of experience as a head law clerk/paralegal at Daley, DeBofsky & Bryant. She earned a juris doctor degree from the University of Chicago School of Law in January 2007. She spent 2.65 hours evaluating Zanon's case, preparing preliminary paperwork and drafting the complaint, 1 hour drafting and editing documents related to the merits of Zanon's claim, and 1.5 hours drafting and editing documents related to the EAJA application. All of Blaz's work was completed after she had earned her J.D.

### III. The Law

The EAJA provides for an award of attorneys fees to a prevailing party who files a timely petition unless the position of the United States was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B). A plaintiff who obtains a remand pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for the purposes of the EAJA regardless of the outcome on remand. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993).

The EAJA permits an award of <u>reasonable</u> attorney fees. 28 U.S.C. § 2412(d)(2)(A). The plaintiff bears the burden of proving the reasonableness of the fees requested. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Courts regularly utilize the lodestar approach to calculating attorneys fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." E.g., Blanchard

3

v. Bergeron, 489 U.S. 87, 94 (1989).  The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour unless an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Although the EAJA limits attorneys fees to the litigation process, id. § 2413(a)(1), this includes the EAJA application process, see Commissioner, I.N.S. v. Jean, 496 U.S. 154, 162 (1990).  While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented.  Hensley, 461 U.S. at 433-34.

## IV. Analysis

Zanon asserts that he is a prevailing party by virtue of the Court's remand of his case to the ALJ.  He seeks $5,225.25 for a total of 32.1 hours expended by his legal team.  The government does not dispute that Zanon is a prevailing party and is entitled to attorneys fees.  However, it says that the fees must be reduced because Zanon's request is excessive.

### A. Compensable Hours

Zanon has requested payment for 26.95 attorney hours and 5.15 law clerk hours. The hours can be broken down as follows:

| Description | Attorney Hours | Law Clerk Hours |
| --- | --- | --- |
| Accepting and Filing Suit | 2 | 2.65 |
| Motions for Summary Judgment | 22.45 | 1 |
| EAJA Application | 2.5 | 1.5 |

The government asserts that the hours are excessive and should be reduced.  The government says that the case presented typical issues of social security litigation and

4

was neither novel nor difficult. In response, Zanon asserts that even routine cases involve unique facts and that it takes time to review the record and present arguments to the Court in a coherent and persuasive manner.

Taken as a whole, the Court finds that the hours expended by Zanon's attorneys were reasonable. While the case did not present novel or difficult issues, the hours expended are typical of such a routine case. Hayes v. Secretary of Health and Human Resources, 923 F.2d 418, 420 (6th Cir. 1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). The hours reported by Zanon's attorneys are near the low end of the Sixth Circuit's expected range. The Commissioner asserts that excessive time was spend editing its brief, citing Allshouse v. Commissioner of Social Security, No. 07-12516, 2009 WL 4884968, (E.D. Mich. Dec. 11, 2009). In Allshouse, the court noted that there were two levels of review and rejected 5.5 of the 32.82 hours related to editing. Id. at *4. In this case, there was only one level of review and the entire process of researching, writing, and editing the briefs took approximately 20 hours. Neither the excessive time nor additional levels of review were present in this case. Without more specific objections, the Court cannot conclude that excessive time was spent litigating this case.

The Commissioner's only specific objection addressed the 0.2 hours that Blaz spent drafting an Appeals Council extension to file a civil action. The Commissioner claims that the extension was an administrative action and is not part of the litigation process. Zanon asserts that the lawsuit could not have been filed without the extension, making it an integral part of the litigation process. The attorneys time logs show that

5

they first discussed the case with Zanon on November 19, 2008 and were diligent in contacting Zanon and completing necessary paperwork until the extension was filed on December 3, 2008. There is no reason to suggest that the attorneys were dilatory in pursuing the claim or that they could have filed a timely compliant without seeking an extension. Therefore, the Court finds that drafting and obtaining the Appeals Council extension was a necessary part of the litigation process and should be compensated under the EAJA.

Although this case was routine in nature, the Court finds that the hours expended by Zanon's attorneys were reasonable. Even routine cases are fact specific and attorneys are required to review the record, conduct research, and draft and edit documents. The 32.1 hours expended by Zanon's legal team are well within the expected range of such a routine case. Without more specific objections, the government's assertion that the hours worked are unreasonable cannot be sustained.

### B. Hourly Rates

Zanon asserts that, as licensed attorneys, Daley and Hoppe should be compensated at a rate of $170 per hour while Blaz, a law clerk, should be compensated at a rate of $125 per hour. To calculate the rate for Daley and Hoppe, Zanon begins with the statutory cap of $125 per hour and applies a Cost of Living Adjustment (COLA) for the Chicago area where the attorneys work. Blaz's rate was calculated through a totality of the circumstances approach. Zanon relies on national data suggesting a rate of $95-100 for law clerks and seeks an upward adjustment due to the passage of time as well as the higher rates billed in Chicago ($75-165 per hour). Zanon also asserts that Blaz's rate should be adjusted upward because she had already obtained a J.D.

Finally, Zanon notes that the United States government valued the work of law clerks at $125 per hour in 2007-2008. See Laffey Matrix, http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_6.html. The Commissioner does not dispute Zanon's method of calculating the rates, but asserts that they are unreasonable because they are based on prevailing rates in Chicago rather than in Detroit.

**1.**

While Zanon's attorneys are based in Chicago, Zanon resides in the Eastern District of Michigan and his case was heard in this district. A number of courts have held that the appropriate market for calculating attorneys fees is the market in which the court sits. E.g., Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991); Polk v. New York State Department of Correctional Services, 722 F.2d 23, 25 (2d Cir. 1983); Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 140 (8th Cir. 1982). Zanon has cited no binding authority contradicting these cases and the Court is unaware of any. The Court find these cases persuasive. Zanon resides in this district and his case was appropriately filed here. Presumably, he could have retained counsel here.[1] Under these circumstances, the Court finds that the relevant market for calculating attorneys fees is the Detroit market.

**2.**

Zanon asserts that attorney fees should be calculated by beginning with the statutory cap and then adjusting for an increase in the cost of living based on the Consumer Price Index (CPI-U). The Commissioner has not objected to this method. According to the U.S. Department of Labor's CPI-U fro the Detroit-Ann Arbor-Flint area,

---

[1] Zanon asserts that there is a shortage of attorneys accepting Social Security cases in Michigan, but provides no support for this assertion.

7

the consumer index as of October 2009 was 205.079.[2]  The CPI-U was 151.3 in March 1996 when the $125 per hour cap was established.  Multiplying $125 per hour times the ratio of 205.079 divided by 151.3 equals a cost of living increase to $169.43.  Accordingly the Court will apply a rate of $170 per hour for Attorneys Daley and Hoppe.

**3.**

Zanon seeks a rate of $125 per hour for law clerk Blaz.  The Commissioner asserts that this rate is excessive.  He relies on <u>Allshouse</u>, 2009 WL 4884968, at *7 in which Blaz's work was compensated at a rate of $105 per hour.  This value was derived from the State Bar of Michigan 2007 Economics of Law Practice Survey.  While the State Bar of Michigan Economics of Law Practice Survey provides a starting point in determining a reasonable fee for Blaz's work, it is not sufficient.  The data cited in <u>Allshouse</u> represented the highest fees charged by paralegals.  Blaz is not only experienced as a paralegal, but has also earned a J.D.  Moreover, the time logs submitted by Zanon show that she drafted the complaint, reviewed and revised briefs, and prepared the reply to the EAJA application.  This suggests that Blaz performed work at an intermediate level between a licensed attorney and a paralegal and should be compensated in a similar manner.  Thus a rate of $125 per hour is reasonable compensation for Blaz's work.

---

[2] Zanon became the prevailing party on September 29, 2009 when the Court remanded his case to the ALJ.  The October 2009 CPI data is the closest to that date.

## C. Fees

Based on the analysis above, Zanon is entitled to the following attorneys fees:

| Attorney | Hours | Rate | Fees |
| --- | --- | --- | --- |
| Daley | 7.3 | $170 | $1,241.00 |
| Hoppe | 19.65 | $170 | $3,340.50 |
| Blaz | 5.15 | $125 | $643.75 |
| Total | | | $5,225.25 |

## V. Conclusion

For the reasons above, Zanon's application for attorneys fees is GRANTED. The Commissioner shall pay Zanon $5,225.25.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: April 15, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 15, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160